IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON *aka* THE DIOCESE OF TUCSON, an Arizona corporation sole,<br><br>                      Debtor.<br><br>PHILLIP GREGORY SPEERS,<br>                      Plaintiff,<br>vs.<br><br>THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON,<br>                      Defendant. | Chapter 11<br><br>No. 4:04-bk-04721-JMM<br><br>Adversary No. 4:05-ap-00197-JMM<br><br><br>**MEMORANDUM DECISION RE:**<br><br>**PLAINTIFF'S MOTION FOR**<br><br>**RELIEF FROM JUDGMENT**<br><br>(Opinion to Post) |

Plaintiff Phillip Speers ("Plaintiff") filed a Motion for Relief from Judgment on May 31, 2006. Plaintiff's Motion requests the court reconsider its Order of January 30, 2006, which (1) dismissed, with prejudice, Plaintiff's amended complaint; (2) disallowed Claim No. 244; (3) vacated hearing set for January 31, 2006; and (4) denied Plaintiff's Motion to Remand, declaring the motion moot.

## FACTS

Plaintiff filed a claim/complaint against the Roman Catholic Church of the Diocese of Tucson ("Debtor") and other entities, on August 29, 2005, alleging employment discrimination, retaliatory conduct, harassment in violation of public policy, breach of contract, professional negligence, fraud and conspiracy to commit fraud, slander per se, libel per se, abuse of process, conspiracy to commit violation of civil rights, breach of non-delegable duty, fault, obstruction of justice (destruction of evidence), obstruction of justice (secretion of evidence), witness tampering, intentional infliction of

emotional distress, unlawful imprisonment, malicious prosecution, respondent superior/vicarious liability, and outrageous conduct.

Debtor objected to Plaintiff's claim, and a trial was set for February 7, 2006. Debtor subsequently filed a Motion to Dismiss Complaint on October 18, 2005. After a hearing and taking the matter under advisement, this court, in a memorandum decision dated December 15, 2005, ordered Plaintiff to file an amended complaint which complied with Fed.R.Civ.P. 8 and 10, within 20 days and if Plaintiff failed to do so, his complaint would be dismissed with prejudice. At that time, this court also denied Debtor's Motion to Dismiss Complaint as moot, without prejudice.

On December 27, 2005, Gerard O'Meara, on behalf of all parties named as Defendants in Plaintiff's Amended Complaint (which was filed in the Pima County Superior Court on December 8, 2005), filed a Motion to Dismiss Complaint and Amended Complaint. Plaintiff then filed a Motion to Remand to Superior Court.

Plaintiff filed the ordered Amended Complaint on January 9, 2006. Debtor then filed a Motion to Dismiss and all other Defendants joined. This court issued a memorandum decision on January 30, 2006, dismissing Plaintiff's Amended Complaint, with prejudice, disallowing Plaintiff's claim, denying Plaintiff's Motion to Remand, as moot, and vacating the hearing set for January 31, 2006.

Four months later, on May 31, 2006, Plaintiff filed a Motion for Relief from Judgment, requesting that the court reconsider and set aside its Order of January 30, 2006.

## ISSUE

1. Whether this court erred in dismissing Plaintiff's amended complaint, disallowing Plaintiff's claim, denying Plaintiff's Motion to Remand and vacating the hearing set for January 31, 2006.

**DISCUSSION**

This court's December 15, 2005 memorandum decision gave Plaintiff 20 days to file an amended complaint. That date would have been January 4, 2006. Plaintiff filed his amended complaint on January 9, 2006. The December 15, 2005 memorandum decision was served on Plaintiff pursuant to Fed.R.Civ.P. 5(b)(2)(B), by mail. Plaintiff argues that under Fed.R.Civ.P. 6(e), made applicable by Bankr.R. 9006, the Plaintiff should have been given three additional days to file his amended complaint because service was made by mail.

Bankr.R. 9006(f) states, in pertinent part:

> When there is a right or requirement to do some act. . .within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail. . .three days shall be added to the prescribed period.

Therefore, Plaintiff maintains that three additional days should have been added to the prescribed period, giving him until Saturday, January 7, 2006 to file the amended complaint. Bankr.R. 9006(a) states: "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday...in which event the period runs until the end of the next day which is not one of the aforementioned days." This then would have given Plaintiff until January 9, 2006 to timely file his amended complaint. Plaintiff did indeed file his amended complaint on January 9, 2006.

However, this court dismissed Plaintiff's complaint on January 30, 2006, finding that it was untimely filed. On May 31, 2006, four months after the adversary proceeding was dismissed, Plaintiff filed a Motion for Relief from Judgment under Fed.R.Civ.P. 60(b), made applicable by Bankr.R. 9024, alleging that this court made a mistake in entering the dismissal order.

Plaintiff argues that multiple mistakes made by this court should require this court to revoke its order of January 30, 2006, revoke its clarification order of January 31, 2006, and vacate its decision to disallow claim no. 244. Plaintiff alleges the following mistakes were made by this court: (1) Plaintiff's amended complaint was dismissed even though it was timely filed; (2) the hearing set on January 31, 2006 and vacated by this court had nothing to do with the Motion to Dismiss

3

Amended Complaint filed by Debtor on behalf of Susan Boswell, but was instead set by Gerard O'Meara, on behalf of the defendants named in Plaintiff's Superior Court complaint, and Debtor never joined in said hearing; (3) Plaintiff's amended complaint was dismissed due to a misapplication of Fed.R.Civ.P 6; and (4) the order dismissing Plaintiff's amended complaint is void because this court never determined if the suit was core or non-core; and if non-core, Plaintiff did not consent to have final judgments or orders entered by this court.

Fed.R.Civ.P. 60(b) requires that the motion for relief from judgment must be made "within a reasonable time and for reason[ ] (1)...not more than one year after the judgment, order, or proceeding was entered or taken." "[T]he bankruptcy court can deny such motion even if it is filed within one year if... [the party] was guilty of laches or unreasonable delay.'" *In re Williams*, 287 B.R. 787, 792 (9th Cir. BAP 2002), quoting *Meadows v. The Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987). "The Ninth Circuit has held that the standard for determining whether a Rule 60(b)(1) motion is filed within a "reasonable time" requires a case-by-case analysis." *Williams*, B.R. at 792-93, citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 2001).

Even though Rule 60(b) motions are liberally construed, "there is a compelling interest in the finality of judgments which should not lightly be disregarded." *Pena v. Sequros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985). "Where the time for filing an appeal to the underlying judgment has expired, the interest in the finality of judgments is to be given great weight in determining whether a FRCP 60(b)(1) motion is filed within a 'reasonable time.'" *Williams*, B.R. at 793, citing *Ashford*, 657 F.2d at 1055.

Bankr.R. 8002 provides that a notice of appeal must be filed within 10 days of the entry of a judgment. Plaintiff did not file a notice of appeal at *any* time, especially not within the 10 day period. However, the time to appeal may be tolled if a <u>timely</u> motion is made under Bankr.R. 9023 or 9024 (Fed.R.Civ.P. 59 and 60). *See* Fed.R.Bankr.P. 8002(b). But Bankr.R. 8002(b) applies only when Bankr.R. 9023 motions are filed within the 10 days after the entry of judgment. This was not done. Here, the judgment was entered on January 30, 2006. Plaintiff could have immediately filed a motion

4

for relief from judgment under Bankr.R. 9023 and thus effectively have stayed the appeal period and finality of the judgment until its motion was decided. However, Plaintiff waited and filed the motion for relief from judgment under Bankr. R. 9024 (Fed. R. Civ. P. 60) on May 31, 2006, *four months* after this court entered its memorandum decision dismissing Plaintiff's amended complaint and disallowing his claim. Because the time for appealing this court's memorandum decision expired long before Plaintiff's motion for relief from judgment was filed, this factor weighs against a finding that Plaintiff's motion for relief from judgment was filed within a "reasonable time."

Here, this court does not consider four months to be a reasonable time within which to file a motion for relief from judgment. The primary issue upon which Plaintiff bases his motion for relief from judgment required no extensive research and writing, and should have been made much sooner than four months after the conclusion of the case. The timing issue was not tricky, nor did it require months to research and draft a motion. The main issue was a simple computation of time (a calculation of a calendar date), which easily could have been brought to the court's attention within the 10-day appeal period or shortly thereafter. Indeed, even if Plaintiff, as a pro se litigant, felt he needed more than the 10 days to file his motion for relief from judgment, he should have requested an extension of time. It was simply not reasonable to wait four months to file the instant motion for relief from judgment.

Therefore, because Plaintiff failed to file a Bankr. R. 9024 motion from relief from judgment "within a reasonable time," Plaintiff's Motion for Relief will be DENIED.[1] A separate order will be entered. *Bankr. R. 9021.*

DATED: June 14, 2006.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court finds Plaintiff's other reasons to set aside the judgment to be without merit.

| | |
|---|---|
| 1 | COPIES served as indicated below this 14 day of June, 2006, upon: |
| 2 | |
| 3 | Phillip Speers<br>200 West Court Street<br>Yuma, AZ 85364 |
| 4 | Plaintiff<br>U.S. Mail |
| 5 | |
| 6 | Susan Boswell<br>Kasey Nye |
| 7 | Quarles & Brady Streich Lang LLP<br>One South Church Avenue, #1700<br>Tucson, AZ 85701 |
| 8 | Email: sboswell@quarles.com<br>Email: knye@quarles.com |
| 9 | Attorneys for Debtor |
| 10 | Gerard O'Meara<br>Gust Rosenfeld PLC |
| 11 | 1 South Church Avenue, #1900<br>Tucson, AZ 85701 |
| 12 | Email: gromeara@gustlaw.com<br>Attorneys for Defendants |
| 13 | |
| 14 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 15 | U.S. Mail |
| 16 | |
| 17 | By  /s/ M.B. Thompson<br>     Judicial Assistant |